## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **RENA R. LINDLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-1426-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's response (Doc. 5) to the court's

Notice of Intent to Dismiss and Order to Show Cause. (Doc. 3). Plaintiff filed a

complaint in this case on December 31, 2014, seeking judicial review of a decision by the

Acting Commissioner of the Social Security Administration (hereinafter Commissioner)

denying disability benefits. (Doc. 1). That same date, summons was issued to Plaintiff's

counsel for service on the Commissioner, the U.S. Attorney General, and the U.S.

Attorney for the District of Kansas. (Docket).

More than six months passed and no further activity was shown on the docket for

this case. There was no evidence that service of process was made, and there was no

evidence that anything had been done to move this case forward. Therefore, on July 6,

2015 the court issued its notice to Plaintiff that it intended to dismiss the case pursuant to

Rule 4(m) of the Federal Rules of Civil Procedure because of Plaintiff's failure to serve process within 120 days after the complaint was filed.  (Doc. 3).  A week later, on July 13, 2015, Plaintiff filed a proof of service of the complaint, indicating that she had personally served the summons issued by the Clerk of Court on December 31, 2014 on the U.S. Attorney for the District of Kansas on July 13, 2015.  (Doc. 4).  On July 17, 2015, Plaintiff filed a response to the court's order to show cause, asserting that "[c]ounsel overlooked that the clerk's office did not, as has been practice, e-mail copies of the complaint and summons . . . after this case was filed."  (Doc. 5, p.1) (emphasis added).  Counsel stated that he "corrected this clerical error by requesting and receiving the necessary copies and obtaining personal service and filing executed return of summons with this court July 13, 2015.  Other required service by mail has been sent." Id.  Plaintiff asks that the court find good cause and permit the case to proceed.

Shortly after the Federal Rules of Civil Procedure were amended in 1993, the Tenth Circuit had occasion to review a district court's dismissal of a civil case for untimely service.  Espinoza v. United States, 52 F.3d 838, 840 (10th Cir. 1995).  The court held that "the 1993 amendments substantially changed the scope of discretion to be exercised by district courts under this rule," and established a two-part procedure for the court to determine whether an extension of time should be given for a plaintiff to obtain service of process under the rule.  Id. at 840-41.  (1) If the plaintiff shows good cause for the failure to complete timely service, the court is required to grant an extension of time to execute service.  (2) "If the plaintiff fails to show good cause, the district court must

2

still consider whether a permissive extension of time may be warranted." Espinoza, 52 F.3d at 841.  Whether the statute of limitations would bar a refiled action is a significant factor to be considered when deciding to grant a permissive extension of time.  Id.

The court finds that Plaintiff has not shown good cause for untimely service.  The court cannot find that the clerk's office failed to e-mail copies of the complaint and summons to counsel in this case as is its usual practice.  The summonses in this case are contained in the "sent" e-mail files of this court and indicate that they were forwarded to counsel's legal assistant on "12/31/2014 03:06 PM," at the e-mail address "federalct@geg.kscoxmail.com".  It is those summonses which were once again forwarded to counsel in early July 2015, and one of them was personally served on the U.S. Attorney for the District of Kansas.  (Doc. 4).  While counsel apparently did not receive the summonses on December 31, 2014 for some unknown reason, the reason is not that the clerk's office did not follow its usual practice.

Moreover, even if the court were to find that the clerk's office did not follow its usual practice and did not forward the copies of the summonses and complaint to counsel, that is not good cause for a failure to serve the summonses within the next 120 days as required by the rule.  Counsel filed this case on December 31, 2014.  (Doc. 1).  The Federal Rules of Civil Procedure require a plaintiff to serve process within 120 days thereafter, or by April 30, 2015.  Fed. R. Civ. P. 4(m).  As Plaintiff's representative, it is counsel's duty to ensure that process is served timely.  He did not do so, and apparently did not even notice the failure until more than sixty days later, when he received the

3

court's notice of its intent to dismiss the case.  He was then able to execute service on the U.S. Attorney within the week.  At best, Plaintiff has shown excuseable neglect, but has not shown good cause for the failure to achieve timely service of process.

The statute of limitations for an action seeking review of a decision of the Commissioner of Social Security is 42 U.S.C. § 405(g), and it provides that such a review may be had "by a civil action commenced within sixty days after the mailing to [Plaintiff] of notice of such decision."  Therefore, if this case were dismissed for untimely service, refiling of the action would be barred, and Plaintiff would be precluded by counsel's error from seeking review of the Commissioner's decision.  Consequently, permissive extension of time is warranted in this case, and the court will extend the time for service of process by an additional 120 days, and it shall not dismiss the case.

**IT IS THEREFORE ORDERED** that the time for service of process under Rule 4 of the Federal Rules of Civil Procedure shall be extended by an additional 120 days.

**IT IS FURTHER ORDERED** that Plaintiff shall file with the court her proof of service on the U.S. Attorney General and proof of service on the Social Security Commissioner.

Dated this 23rd day of July 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

4